|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |

GLORIA DE-JESÚS-RIVERA,

    Plaintiff,

    v.

ABBOTT LABORATORIES; ABBOTT
LABORATORIES PUERTO RICO, INC.,

    Defendants.

Civil No. 10-1144 (JAF)

**OPINION AND ORDER**

Plaintiff sues under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e to e-17, alleging discrimination on the basis of sex and retaliation for her opposition to that discrimination. (Docket No. 1.) She also claims relief for the same conduct under various Puerto Rico laws, including Law 69, of July 6, 1985 ("Law 69"), 29 L.P.R.A. §§ 1321, 1341, which prohibits retaliation for opposition to unlawful discrimination. (Id.) Defendant Abbott Laboratories Puerto Rico, Inc. ("Movant") moves for partial dismissal under Federal Rule of Civil Procedure 12(c) for failure to state a claim of gender discrimination, retaliation or violations of general laws of the United States or Puerto Rico. (Docket No. 15.) Plaintiff does not oppose.

# I.

## **Factual Summary**

We derive the following facts from the complaint (Docket No. 1). Plaintiff worked for Movant in various capacities beginning in 1998, consistently receiving excellent performance reviews. But in 2007, she began experiencing harassment and discrimination. Specifically, Movant's officers made comments about and "constantly touch[ed]" Plaintiff's body. The officers also made sexual jokes and commented on Plaintiff's sex life. They "threatened her with disciplinary actions, due to her rejection to their sexually-charged conduct and comments against her." Such conduct occurred in the "presence of several of [Movant's] top officers." The officers also stripped Plaintiff of duties, telling her that was a "consequence of her rejection to their sexual advances." In addition, they assigned her new, unfavorable duties and began to criticize her performance. Plaintiff complained to Movant's top officers about the harassment and discrimination, but Movant "never conducted any type of investigation, nor ever took any type of remedial nor corrective action." Retaliating, the harassing officers informed her she would be discharged "due to her complaints." On July 14, 2008, Movant fired Plaintiff and replaced her with a "younger male, with less seniority and experience than her."

Plaintiff filed a charge of discrimination before the Equal Employment Opportunity Commission, which issued her a right-to-sue letter. She filed the instant suit within ninety days of receiving that letter.

## II.

## **Standard Under Rule 12(c)**

We grant a motion for judgment on the pleadings only when the uncontested facts in the pleadings conclusively establish the movant's entitlement to judgment. Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006). Dismissal is proper at this stage where a plaintiff "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(h)(2)(B).

In deciding a motion under Rule 12(c) for failure to state a claim, "[w]e view the facts contained in the pleadings in the light most flattering to the nonmovants . . . and draw all reasonable inferences therefrom in their favor." Aponte-Torres, 445 F.3d at 54 (applying standard for Rule 12(b)(6) motions to a Rule 12(c) motion). But mere legal conclusions "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 559) (internal quotation marks omitted).

Civil No. 10-1144 (JAF)                                                                                          -4-

## III.

### <u>Analysis</u>

Movant argues that Plaintiff failed to properly plead a prima-facie case under either federal or Puerto Rico law of gender discrimination, retaliation or violations of general laws of the United States or Puerto Rico.[1]  (Docket No. 15.)  As to the gender discrimination claim, Movant relies on a distinction between a claim of gender discrimination and one of sexual harassment; Movant does not dispute that Plaintiff stated a claim of sexual harassment.  (<u>See</u> <u>id.</u> at 4.)

We find, generally, that Movant would demand of Plaintiff more specific factual recitations than the law requires.  We also find untenable Movant's distinction between a claim of discrimination based on gender and one of sexual harassment.  Moreover, we find that Plaintiff made no claim of violations of the general laws of the United States or Puerto Rico and that Movant's argument against any such claim is, therefore, made in vain.

We begin with the distinction Movant urges between gender discrimination and sexual harassment.  The U.S. Supreme Court foreclosed any such distinction in discussing Title VII's prohibition of sexual harassment as discrimination on the basis of gender:

> Sexual harassment which creates a hostile or offensive environment for members of one sex is every bit the arbitrary barrier to sexual equality at the workplace that racial harassment is

---

[1] Movant also argues that Plaintiff insufficiently pleaded her exhaustion of administrative remedies, though it does not discuss how this should affect the disposition of her claims, particularly that of sexual harassment. (<u>See</u> Docket No. 15 at 18-20.)  In any case, we find that Plaintiff sufficiently pleaded exhaustion of administrative remedies when she stated that she had so exhausted and was filing within ninety days of receiving her right-to-sue letter (Docket No. 1 at 2).

Civil No. 10-1144 (JAF) -5-

>          to racial equality. Surely, a requirement that a man or woman run
>          a gauntlet of sexual abuse in return for the privilege of being
>          allowed to work and make a living can be as demeaning and
>          disconcerting as the harshest of racial epithets.

Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 66-67 (1986) (quoting Henson v. City of Dundee, 682 F.2d 897, 902 (11th Cir. 1982)). We, therefore, reject Movant's argument that Plaintiff failed to state a claim of gender discrimination, since Movant does not dispute that Plaintiff stated a claim of sexual harassment.[2]

As to retaliation, we find that the complaint contains sufficient facts to support Plaintiff's claim under both Title VII and Law 69.[3] As Movant recites (Docket No. 15 at 14-15), Plaintiff need only have stated facts sufficient to show that (1) she engaged in protected activity; (2) she experienced an adverse employment action; and (3) there is a causal connection between the protected activity and the employment action. See, e.g., Mariani-Colón v. Dep't of Homeland Sec., 511 F.3d 216, 223 (1st Cir. 2007). Given the facts stated above in Part I, we find that Plaintiff clearly stated a prima-facie case of retaliation.[4]

---

[2] Movant argues that no distinction should be made between federal and Puerto Rico law as to the pleading required to state a claim of gender discrimination. (See Docket No. 15 at 5 n.2.) We, therefore, simultaneously reject Movant's argument of insufficient pleading of gender discrimination under Puerto Rico law.

[3] Again, Movant argues that the same analysis applies to a retaliation claim, whether it be made under Title VII or under Law 69. (Docket No. 15 at 14.)

[4] We note that Movant's motion suffers generally from its failure to analyze Plaintiff's satisfaction of the recited elements of the prima-facie cases. (See Docket No. 15.) Movant, instead, lists various omissions from the complaint that are not required by the rules Movant itself recites. (See id.) For example, Movant would have Plaintiff anticipate in her complaint the nondiscriminatory reason Movant will set forth explaining the allegedly discriminatory behavior. (See Docket No. 15 at 11.) To the extent Movant alleges omissions from the complaint that actually touch on a relevant element of a prima-facie case, we find Movant's articulation of the omissions misleading and frivolous. (See, e.g., Docket No. 16 at 22 ("Plaintiff also fails to plead sufficient

Civil No. 10-1144 (JAF) -6-

Finally, in reviewing the complaint, we detect no attempt to claim violations of general laws of the United States or Puerto Rico. (See Docket No. 1.) And we find baffling Movant's assertion that Plaintiff "fail[ed] to specify which laws [Movant violated]—other than the ones stated in the complaint." (Docket No. 15 at 20.) As Movant's argument pertains to no claim actually made in the complaint, we disregard it.

## IV.
## Conclusion

For the foregoing reasons, we hereby **DENY** Movant's motion for partial dismissal (Docket No. 15).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 9th day of July, 2010.

                s/José Antonio Fusté
                JOSE ANTONIO FUSTE
                Chief U.S. District Judge

---

facts which could lead to a plausible conclusion that she suffered an actual adverse employment decision (other than her termination).").)