|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |
| GLORIA DE-JESÚS-RIVERA, | |
| Plaintiff, | Civil No. 10-1144 (JAF) |
| v. | |
| ABBOTT LABORATORIES, ABBOTT LABORATORIES PUERTO RICO, INC., | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff sues under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e to e-17, alleging discrimination on the basis of sex and retaliation for her opposition to that discrimination. (Docket No. 1.) She also claims relief for the same conduct under various Puerto Rico laws. (Id.) Defendant Abbott Laboratories ("Movant") moves for summary judgment under Federal Rule of Civil Procedure 56.[1] (Docket No. 34.) Plaintiff opposes. (Docket No. 46.)

---

[1] Codefendant Abbott Laboratories Puerto Rico, Inc. also moves for summary judgment. (Docket No. 35.) We address this motion in a companion opinion.

Civil No. 10-1144 (JAF)                                                                                               -2-

I.

**Factual Summary**

We derive the following factual summary from Movant's statement of uncontested material facts (Docket No. 34-2), and the exhibits attached thereto (Docket Nos. 34-3 to -10).[2] Movant is the parent corporation of subsidiary Abbott Laboratories Puerto Rico, Inc., ("Abbott PR"). (Docket No. 34-2 at 2, 12.) Plaintiff was employed by Abbott PR from July 1, 1998, until her termination on July 14, 2008. (Id. at 8.) She has never been employed by Movant. (Id. at 9.) On April 28, 2009, Plaintiff filed a charge before the Equal Employment Opportunity Commission ("EEOC") alleging that in 2007 she began to experience sexual harassment, discrimination, and retaliation while employed at Abbott PR. (Docket 34-4.) In the EEOC charge, Plaintiff listed Movant, "Abbott Laboratories," as her employer, but she listed the address of Abbott PR. (Id. at 2) Her attached sworn statement referred only to the conduct and practices of Abbott PR employees, and made no mention of Movant. (Id. at 7–8.) On November 20, 2009, the EEOC issued Plaintiff a right-to-sue letter, which "was only notified to counsel for Abbott Laboratories (Puerto Rico)." (Docket No. 37.) On February 22, 2010, Plaintiff brought the present suit against both Movant and Abbott PR. (Docket No. 1.)

---

[2] If a party opposing a motion for summary judgment, such as Plaintiff in the present case, fails to address the movant's statement of material facts in accordance with the District of Puerto Rico Local Rule 56(c), this court will then deem the movant's statement of uncontested material facts as admitted. L.Cv.R. 56(e) (D.P.R. 2009); see also CMI Capital Mkt. Inv., LLC v. Gonzalez-Toro, 520 F.3d 58, 63 (1st Cir. 2008) (upholding district court's decision to deem movant's statement of material facts admitted since nonmovant failed to deny or qualify said facts or to submit a separate statement of material facts). Plaintiff has not submitted an opposing statement of material facts and has not qualified or denied any of Movant's statements of material facts in her opposition. (Docket No. 46.) Therefore, we deem the facts in the Movant's statement of material facts to be admitted by Plaintiff.

Civil No. 10-1144 (JAF) -3-

## II.

### Summary Judgment Standard

We must grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The movant carries the burden of establishing that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The movant may satisfy this burden by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, . . . or other materials." Fed. R. Civ. P. 56(c)(1)(A). In evaluating a motion for summary judgment, we must view the record in the light most favorable to the nonmovant. See Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150–51 (2000).

To establish the absence of a genuine dispute of material fact, the movant need not produce evidence but may instead point to a lack of evidence supporting the nonmovant's case. See Fed. R. Civ. P. 56(c)(1)(B); see also Celotex, 477 U.S. at 325. "Once the moving party has made a preliminary showing that no genuine [dispute] of material fact exists, the nonmovant must produce specific facts, in suitable evidentiary form, to establish the presence of a

Civil No. 10-1144 (JAF)                                                                                              -4-

trialworthy [dispute]." Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (internal quotation marks omitted); see also Fed. R. Civ. P. 56(c)(1).

### III.

### Analysis

Movant argues that Plaintiff failed to exhaust her administrative remedies by failing to properly identify Movant in her EEOC charge. Movant also argues that it cannot face liability because it was never Plaintiff's employer.[3] For the reasons discussed below, we agree and grant summary judgment for Movant.

**A.   Failure to Exhaust Administrative Remedies**

A Title VII plaintiff may only bring suit against "the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1).[4] This filing requirement serves the dual purposes of giving defendants notice of the charge and enabling attempts at voluntary conciliation. Maldonado-Cordero v. AT&T, 73 F. Supp. 2d 177, 185 (D.P.R. 1999).

In general, "administrative complaints before the EEOC are to be construed liberally to further the underlying purposes of Title VII and because such complaints tend to be drafted by

---

[3] Plaintiff responds only by arguing that we should reject Movant's arguments because of "collateral estoppel, issue preclusion, and res judicata," based on a denial of summary judgment in a prior unrelated case against Movant and Abbott PR. (Docket No. 46 at 2.) We disregard this argument. A "denial of a motion for summary judgment 'is merely a judge's determination that genuine issues of material fact exist. It is not a judgment . . . .'" E. Mt. Platform Tennis v. Sherwin-Williams Co., 40 F.3d 492, 500 (1st Cir. 1994) (quoting Glaros v. H.H. Robertson Co., 797 F.2d 1564, 1573 (Fed. Cir. 1986)). A plaintiff, referring to a prior federal court adjudication to invoke nonmutual collateral estoppel, must establish, inter alia, that "the issue was determined by a valid and binding final judgment," which Plaintiff fails to do here. Faigin v. Kelly, 184 F.3d 67, 78 (1st Cir. 1999).

[4] Regulations specify that the charge must contain the "the full name and address of the person against whom the charge is made." 29 C.F.R. § 1601.12(a)(2).

Civil No. 10-1144 (JAF) -5-

those unschooled in technical pleading." <u>Pagan-Alejandro v. PR ACDelco Serv. Ctr.</u>, 468 F.Supp.2d 316, 332 (D.P.R. 2006) (citing <u>Love v. Pullman</u>, 404 U.S. 522, 527 (1972)). In the present case, Plaintiff wrote Movant's name ("Abbott Laboratories") in the blank field designated for the employer in her EEOC charge, but she then gave the address of Abbott PR; her sworn statement made no mention of Movant or Movant's employees or officers. (<u>See</u> Docket No. 34-4 at 7–8.) Plaintiff stated that she "started working for Abbott Laboratories PR, Inc. in 1998," and offered a lengthy account of allegations from events arising during her employment at Abbott PR. (<u>Id.</u>)

We find that Plaintiff failed to exhaust her administrative remedies with respect to Movant. The body of the charge contained no references to Movant's employees or practice. Plaintiff's allegations regarding Abbot PR could not have given Movant notice of charges against it, and nothing in the complaint would have allowed the EEOC to promote voluntary conciliation. Beyond the omission of the two initials differentiating between parent and subsidiary corporation,[5] Movant proved absent from EEOC charge. On the other hand, Abbott PR "was sufficiently identified as the respondent in the administrative complaints by virtue of the caption listing the company's local address, and because the body of the charge specified that it was addressed to the practices of" Abbott PR employees. <u>See</u> <u>Cordero</u>, 73 F. Supp. 2d

---

[5] At least one other district court in the First Circuit has come to the same conclusion in an analogous fact pattern. In <u>Russell v. Enter. Rent-A-Car Co.of R.I.</u>, a plaintiff mistakenly named the national parent corporation in the EEOC charge, but used the state subsidiary corporation's address and referred solely to conduct of subsidiary employees; the district court held that the plaintiff had failed Title VII's naming requirement with respect to the parent corporation, in part because "plaintiff's failure to even mention [the parent corporation] in her factual statement did not give it any knowledge of a possible charge against it." <u>See</u> <u>Russell v. Enter. Rent-A-Car Co.of R.I.</u>, 160 F. Supp. 2d 239, 253 (D.R.I. 2001).

Civil No. 10-1144 (JAF)                                                                                              -6-

at 186  (holding that plaintiffs' naming parent AT&T instead of subsidiary AT&T Puerto Rico did not run afoul of Title VII naming requirement with respect to subsidiary, as EEOC charge gave subsidiary's Puerto Rico address and narrative statement did not refer to parent AT&T practice or employees).

**B.     Employer Status Under Title VII**

Movant also argues that it cannot be held liable as it was merely the parent corporation of Abbott PR, and not Plaintiff's employer. Plaintiffs, in response, briefly reference the "single employer" theory.[6]

"The 'single employer' (also 'integrated employer') test may apply in cases where 'liability is sought to be imposed on the legal employer by arguing that another entity is sufficiently related such that its actions . . . can be attributable to the legal employer.'" Torres-Negron v. Merck & Co., 488 F.3d 34, 41 (1st Cir. 2007) (quoting Engelhardt v. S.P. Richards Co., 472 F.3d 1, 4 n.2 (1st Cir. 2006)).  The First Circuit has not yet "decided what test is appropriate to determine whether an employer is liable under the single employer theory, but it has identified three recognized methods for determining whether a single employer exists under Title VII: the integrated-enterprise test, the corporate law sham test, and the agency test." Id. at 40 n.8 (quoting Romano v. U-Haul Int'l, 233 F.3d 655, 665 (1st Cir. 2000)) (internal quotation marks omitted). We proceed using the integrated-enterprise test, which has been

---

[6] Instead of developing arguments on the single-employer theory, Plaintiffs attach the pleadings and an "Order denying Abbott Laboratories Motion to Dismiss and/or for summary judgment" from previous litigation unrelated to the case at bar, (Docket No. 46), and make an ill-advised invocation of res judicata as discussed above, supra note 3.

Civil No. 10-1144 (JAF) -7-

adopted by the majority of circuits to have reached the issue. See Romano, 233 F.3d at 665. This test employs four factors to determine whether two entities constitute a single employer: (1) common management; (2) interrelation between operations; (3) centralized control of labor operations; and (4) common ownership. Torres-Negron, 488 F.3d at 42. The First Circuit has explained that the "test should be applied flexibly, placing special emphasis on the control of employment decisions." Id.

Movant, in its unopposed statement of material facts, states that it does not have centralized control of labor relations with employees of Abbott PR, and did not exert any control over the decision to terminate Plaintiff's employment. (Docket No. 34-2 at 9.) In support, Movant offers the unsworn statement of María Elena Hernández, Senior Employee Relations Specialist for Abbott PR to that effect; she also explains that Abbott and Abbott PR are separate corporate entities with separate books, employees, offices, finances, management, and employee identification numbers. (Docket No. 34-6 at 1.) In addition, Movant submits the unsworn statement of Martín Nordensthal, who avers that he, as an Abbott PR employee, made the decision to terminate Plaintiff's employment. (Docket No. 37-1.) Movant has also submitted Plaintiff's employment contract and W-2 forms, all bearing the name of Abbott PR. (Docket Nos. 34-7; 37-8.) Therefore, Plaintiff's claims must fail, since Movant and Abbott PR do not constitute a "single employer" for purposes of Plaintiff's suit. Romano v. U-Haul Int'l, 233 F.3d at 667–68.

As discussed above in Part I, Plaintiff has not opposed Movant's statement of material facts, and has not submitted evidence to support a finding that the two entities form a single

Civil No. 10-1144 (JAF)                                                                                              -8-

employer. Based on the evidence before this court, even viewed in the light most favorable to Plaintiff, we find no triable issue of fact. Having dismissed Plaintiff's federal claims, we also dismiss all supplemental Comonwealth claims against Movant. "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995).

## IV.

## Conclusion

For the foregoing reasons, we hereby **GRANT** the present motion for summary judgment, (Docket No. 34) and we dismiss all claims against Movant.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 6th day of July, 2011.

                                                       s/José Antonio Fusté
                                                       JOSE ANTONIO FUSTE
                                                       United States District Judge